UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ABEL ARTURO NEGRETE,<br><br>Defendant. | Case No. 1:17-cr-00269-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Defendant Abel Negrete, proceeding pro se, has filed a motion pursuant to the Second Chance Act seeking judicial recommendation that he serve the last twelve months of his custodial sentence in a "Residential Reentry Center" ("RRC"). Dkts. 53, 54.[1]

Having reviewed the record and briefs, the Court finds that the facts and legal arguments are adequately presented. Accordingly, in the interest of avoiding further delay, and because the Court finds that the decisional process would not be significantly aided by oral argument, the Court will decide the Motion without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B). Upon review, and for the reasons set forth below, the Court DENIES the Motions.

---

[1] Negrete filed two motions in this case. While not identical, the substance of the two motions is the same so the Court will discuss and analyze them as one.

MEMORANDUM DECISION AND ORDER - 1

## II. BACKGROUND

On May 5, 2016, Negrete was convicted of domestic violence with traumatic injury, after abusing his pregnant wife. Dkt. 37, at 3, 12. While on probation for that offense, Negrete sold two semi-automatic handguns to a confidential human source for the Federal Bureau of Investigation, one of which was stolen. *Id*. at 4–5. On October 11, 2017, a federal grand jury indicted Negrete on two counts of Unlawful Possession of a Firearm under 18 U.S.C. §§ 922(g)(1) and 924(a)(2). *Id*. Negrete subsequently pleaded guilty to one count of Unlawful Possession of a Firearm, the Government dismissed the second count, and on August 14, 2018, the Court sentenced Negrete to sixty-three (63) months imprisonment and three years of supervised release. Dkt. 41. Negrete is currently incarcerated at a Federal Correctional Institution in Fairton, New Jersey ("FCI Fairton").

On November 5, 2020, Negrete filed a motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) with the Court requesting that he be released to home confinement due to his vulnerability to COVID-19 and his mother's situation. Dkts. 48, 50. The Court denied that Motion on May 12, 2021. Dkt. 51.

On July 12 and July 19, 2021, Negrete filed the present Motions, seeking a recommendation from the Court to the Bureau of Prisons ("BOP") that he be placed in a RRC for the last 12 months of his incarceration. Dkts. 53, 54. Negrete indicates that he will be eligible for the maximum twelve-month placement in a RCC soon, but that he has been told he will only be granted six months or fewer in a RCC. Dkt. 54, at 2.

## III. DISCUSSION

Negrete brings the present Motion under the Second Chance Act, which Requires

MEMORANDUM DECISION AND ORDER - 2

the Director of the BOP to:

> ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community. Such conditions may include a community correctional facility.

18 U.S.C. § 3624(c)(1). The BOP considers the following factors when making its discretionary decision:

> (1) the resources of the facility contemplated;
> (2) the nature and circumstances of the offense;
> (3) the history and characteristics of the prisoner;
> (4) any statement by the court that imposed the sentence--
>     (A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or
>     (B) recommending a type of penal or correctional facility as appropriate; and
> (5) any pertinent policy statement issued by the Sentencing Commission pursuant to Section 994(a)(2) of title 28.

18 U.S.C. 3621(b); *see* C.F.R. § 570.22 ("Inmates will be considered for pre-release community confinement in a manner consistent with 18 U.S.C. section 3621(b), determined on an individual basis, and of sufficient duration to provide the greatest likelihood of successful reintegration into the community . . . ."). A Court may order the BOP to direct an individualized consideration of a Defendant's request with regard to the statutory factors, but cannot order the BOP to make a designation. *See* 18 U.S.C. § 3621(b); *United States v. Ceballos*, 671 F.3d 852, 855-56 (9th Cir. 2011).

Negrete urges the Court to issue a recommendation that he spend the last twelve months of his sentence in an RCC. Dkt. 54, at 5. Negrete argues that the full twelve-month period in a RCC would help him transition back into society after a lengthy prison sentence.

MEMORANDUM DECISION AND ORDER - 3

He also argues that such a course of action would expedite his return to his three young children, all of whom are currently being cared for by his mother. *Id*. at 3. In support of his position, Negrete attached several federal court orders granting motions for judicial recommendation of RCC placement. Dkt. 54-1.

The Court understands and commends Negrete's desire to expedite his reintegration into society and return to his family. However, the Court sees no reason to deviate from its normal practice of leaving the date that prisoners are transferred to a RCC to the BOP's sound discretion. The BOP is more familiar than the Court with Negrete's behavior in prison and preparedness to begin his reentry into society—particularly in this case, where Negrete was sentenced by the undersigned's predecessor on the bench. Likewise, the BOP is more familiar with its RCC's resources, capabilities, and space limitations—all important factors in determining whether to move a prisoner. Moreover, the Court notes that Negrete has a lengthy history of recidivism, including five prior felonies. Dkt. 37, at 7–12. With this in mind, the Court does not think that Negrete's circumstances warrant a departure from the Court's regular practices.

In light of the seriousness of Negrete's conviction for illegally possessing—and selling—firearms in this case, combined with his extensive criminal history, the Court DENIES his request to issue a judicial recommendation that he serve the last twelve months of his sentence in an RRC, and instead leaves it to the BOP to determine whether such a placement is appropriate and for what length of time.

///

///

## IV. ORDER

The Court HEREBY ORDERS:

1. Negrete's Motions seeking judicial recommendation that he serve the last twelve months of his custodial sentence in a RCC (Dkts. 53, 54) are DENIED.

DATED: August 24, 2021

David C. Nye
Chief U.S. District Court Judge